# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP T. RICKER, | CASE NO. 1:09-cv-01415-OWW-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Introduction

Plaintiff Phillip T. Ricker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. He was incarcerated at Corcoran State Prison ("Corcoran") at the time the events in his original complaint took place. This action was filed on August 13, 2009.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

1

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

### III.    Complaint Allegations

Plaintiff alleges that on March 8, 2009, although he told Defendant Perez that he did not want him to be his investigative employee, Defendant Perez forged an investigation report. On March 10, 2009, Defendant Kavanaugh illegally forged documents to find Plaintiff guilty of a rule violation. Plaintiff alleges he was not present at the rule violation hearing, which resulted in the addition of an extra thirty days to his sentence. Plaintiff filed this action naming Defendants J. Kavanaugh, R. Perez, C.O. Gaston, A. Peterson, M. Jennings, K. Comaites, L. Nelson, R. Davis, and M. Hodges Wilkin because their "signatures are on these reports." (Doc. 1, Comp., § IV.)

### IV.    Discussion

When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no

1   matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

2   conduct leading to conviction or internal prison proceedings)-*if* success in that action would

3   necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

4         Plaintiff is clearly challenging the legality or duration of his custody. Plaintiff alleges he had

5   extra time added to his sentence based upon the alleged falsification of a rule violation report. Since

6   the success in this action would necessarily demonstrate the invalidity of his confinement or its

7   duration, the sole federal remedy available to Plaintiff is a writ of habeas corpus. The Court should

8   dismiss the complaint without prejudice.

**V.    Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). IT IS SO ORDERED.

Dated:   October 22, 2010                     _____
                         UNITED STATES MAGISTRATE JUDGE    IT IS SO ORDERED.

Dated:   October 22, 2010                     _____
                         UNITED STATES MAGISTRATE JUDGE